IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE E. JACKSON-EL     *
    Plaintiff
v.                      *   CIVIL ACTION NO. WDQ-06-2215

FBI                     *
    Defendant.
                   ***

## MEMORANDUM

Wayne E. Jackson-el ("Jackson-el"), an inmate confined at the United States Penitentiary-Lee in Jonesville, Virginia, filed assorted documents with the Court on August 23, 2006.[1] He holds himself out as a "debtor" and "aggrieved party" related to federal criminal proceedings[2] and seemingly attempts to hold the government responsible for returning "copyrighted personal property" in the form of a bond, which he alternatively values at 6 billion or 12 billion dollars. Paper No. 1.

The Court has read all of Jackson-el's materials. The nature of the cause of action is indecipherable. His fanciful allegations do not make out a claim under this Court's habeas corpus or federal question jurisdiction. Jackson-el's cause of action shall be dismissed.[3] A separate Order follows.

Date: September 8, 2006

                                              William D. Quarles
                                              United States District Judge

---

[1] The pro se prepared documents include, but are not limited to, a Special Bond, a Bond for Security and Fees and Costs, a Claim for Return of Property, an Order Bond, an Ex Parte Order for Release, a Bond on Cross Claim, a Uniform Commercial Code Financing Statement, a Special Bond of Indemnity, a Durable Power of Attorney, a Security Agreement, a Commercial Notice of Trade Name, a Notice and Declaration & Certificate of Sovereign Status, and a Declaration of Sovereign Status. Paper No. 1.

[2] Jackson-el makes reference to *United States v. Jackson-el*, Criminal No. WDQ-98-034 (D. Md.). In that case Jackson-el was found guilty of multiple federal charges and sentenced to life plus 35 years imprisonment. The criminal judgment was affirmed on appeal and Jackson-el's subsequent 28 U.S.C. § 2255 motions to vacate were denied on August 30, 1999, and February 14, 2001.

[3] Although neither the civil filing fee nor an in forma pauperis motion accompanied the filings, Jackson-el shall not be required to cure this omission.